IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARILYN WALLACE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:07-cv-01837-RMU |
| | ) | |
| UNITED STATES, et al. | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION TO DISMISS AND TO TRANSFER VENUE

Defendant, the United States, moves this Court to dismiss one of the plaintiff's causes of action and to either dismiss or transfer the remaining cause of action. The United States would seek a transfer of this case to the United States District Court for the District of Wyoming. As grounds for this motion, the United States submits that the plaintiff has failed to state a claim upon which relief can be granted and that venue for this suit is improper in the District of Columbia.

A memorandum of points and authorities in support of this motion and a proposed order are also submitted.

\\\
\\\
\\\

Dated: December 7, 2007

                                   Respectfully submitted,

                                   /s/ Ari Kunofsky  
                                   ARI D. KUNOFSKY  
                                   Trial Attorney, Tax Division  
                                   U.S. Department of Justice  
                                   Post Office Box 227  
                                   Ben Franklin Station  
                                   Washington, D.C.  20044  
                                   Telephone: (202) 353-9187

OF COUNSEL:  
JEFFREY A TAYLOR  
United States Attorney  
555 4th Street, NW  
Washington, DC 20001

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARILYN WALLACE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:07-cv-01837-RMU |
| | ) | |
| UNITED STATES, et al. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES'
MOTION TO DISMISS AND TO TRANSFER VENUE**

This is a civil action in which plaintiff alleges that the Internal Revenue Service illegally levied upon her pension. Plaintiff resides in Wyoming. The United States now moves to dismiss one of the plaintiff's causes of action. The United States further moves to either dismiss the remaining cause of action or transfer it to the United States District Court for the District of Wyoming.

**QUESTION PRESENTED**

1. Plaintiff seeks damages under 26 U.S.C. § 7433 in the amount of $100,000 along with her tax refund. Under that section, a plaintiff may seek the lesser of $100,000 or her actual damages. Should the Court dismiss this cause of action for failure to state a claim upon which relief can be granted?

2. Plaintiff also seeks a tax refund. A suit by an individual for a tax refund can be maintained only in the district where a plaintiff resides. Plaintiff lives in Buffalo,

Wyoming. Should the Court transfer plaintiff's complaint to the United States District Court for the District of Wyoming?

## STATEMENT

Plaintiff, Marilyn Wallace, filed a complaint on October 10, 2007. The complaint essentially alleges two separate causes of action. First, the complaint alleges that Wallace is entitled to $100,000 and her attorneys fees and costs in addition to her refunded claim because the levy was excessive. (Compl. ¶¶ 2, 17.) Second, the complaint alleges that she is entitled to a refund of pension funds that the Internal Revenue Service seized. (*Id.*)

## ARGUMENT

### I. THIS COURT MAY NOT GRANT THE WALLACE'S CLAIM FOR $100,000.

Wallace fails to state a claim upon which relief may be granted when she requests $100,000 in damages. Wallace alleges that this cause of action exists under 26 U.S.C. § 7433. Section 7433 operates to waive the government's sovereign immunity and authorizes suits for damages against the United States if "in connection with any collection of Federal tax", an employee of the Internal Revenue Service "recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated" thereunder. 26 U.S.C. § 7433(a); *see Gonsalves v. IRS*, 975 F.2d 13, 16 (1st Cir. 1992) ("Section 7433's waiver of sovereign immunity, like any other, 'must be strictly observed'"). To sue the United States under this statute therefore, a plaintiff must show that a Service employee committed an illegal act in connection with collecting federal taxes. *Brewer v. Comm'r*, 430 F. Supp. 2d 1254, 1260 (S.D. Ala. 2006).

Taxpayers cannot, however, seek damages under section 7433 for an improper assessment of taxes. *Evans-Hoke v. Paulson*, 503 F. Supp. 2d 83, 86 (D.D.C. 2007); *Buaiz v. United States*, 471 F. Supp. 2d 129, 136 (D.D.C. 2007); *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994). Rather, a taxpayer must prove improper collection practices by demonstrating "that the IRS did not follow the prescribed methods of acquiring assets." *Shaw v. United States*, 20 F.3d at 184.

Wallace failed to allege any facts demonstrating that the Service acquired her assets using improper methods. *See, e.g., Brewer*, 430 F. Supp. 2d at 1258 ("Although defendant is the moving party, plaintiff is the party seeking to invoke the court's jurisdiction. As such, plaintiff bears the burden of establishing subject matter jurisdiction."). Wallace only alleges that the Service improperly calculated her tax liability. Accordingly, Wallace fails to state a cause of action under section 7433.

Even if the Service improperly acquired Wallace's assets, section 7433 does not allow for an additional cause of action to collect $100,000. Section 7433 provides that a taxpayer is entitled to "an amount equal to the lesser of $1,000,000 ($100,000 in the case of negligence) or sum of (1) the actual, direct economic damages sustained by the plaintiff . . . and (2) the cost of the action." 26 U.S.C. § 7433(b). The $100,000 is a cap on damages and not an additional cause of action. *See Graber v. United States*, 993 F. Supp. 685, 686 n.2 (S.D. Iowa 1997). So even if the Service violated a federal tax law or regulation, Wallace does not have a separate cause of action in which she can claim $100,000 in additional damages.

Accordingly, Wallace's cause of action under 26 U.S.C. § 7433 should be dismissed for failure to state a claim upon which relief can be granted.

### II. VENUE IS IMPROPER IN THIS DISTRICT FOR THE REMAINING TAX-REFUND SUIT.

Wallace's remaining cause of action is for a refund from the United States. Because a refund suit may only be brought in the venue where the plaintiff resides, this case should either be dismissed for improper venue or transferred to the United States District Court in the District of Wyoming.

Federal district courts have original jurisdiction over any civil action "for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . under internal-revenue laws." 28 U.S.C. § 1346(a)(1). Any action brought by an individual against the United States under section 1346(a)(1) may only be prosecuted "in the judicial district where the plaintiff resides." 28 U.S.C. § 1402(a)(1); *Krapf v. United States*, 604 F. Supp. 1164, 1164-1165 (D. Del. 1985). If a suit is not brought in the proper district, the court "shall dismiss" the suit, or the court may, in the interest of justice, transfer the action to the proper federal district court. 28 U.S.C. § 1406(a); *see also, e.g., Davies v. United States*, 2006 WL 2687018, *4 n.2 (D.D.C. 2006).

While this Court may dismiss the suit, it is in the interest of justice to transfer the suit to the district court in Wyoming. Wallace's only cognizable claim is a refund of her alleged overpayment to the United States. A refund suit can only be prosecuted in the district where the plaintiff resides. Plaintiff lives in Buffalo, Wyoming, which means the proper venue for her suit is the United States District Court for the District of Wyoming. 28

U.S.C. § 131 ("Wyoming and those portions of Yellowstone National Park situated in Montana and Idaho constitute one judicial district."). Accordingly, the United States asks this Court to transfer this case to that court.

## CONCLUSION

Wallace fails to state a claim upon which relief can be granted under 26 U.S.C. § 7433. Thus, her claim for $100,000 in damages should be dismissed. To the extent Wallace states a claim for a refund, venue for the refund of taxes is not proper in this Court. As Wallace is a Wyoming resident, this Court should transfer plaintiff's case to the United States District Court for the District of Wyoming.

Dated: December 7, 2007

                                        Respectfully submitted,

                                        /s/ Ari Kunofsky
                                        ARI D. KUNOFSKY
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 227
                                        Ben Franklin Station
                                        Washington, D.C.  20044
                                        Telephone: (202) 353-9187

OF COUNSEL:
JEFFREY A TAYLOR
United States Attorney
555 4th Street, NW
Washington, DC 20001

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN WALLACE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:07-cv-01837-RMU |
| ) | |
| UNITED STATES, et al. ) | |
| ) | |
| Defendant. ) | |

### **O R D E R**

Having considered the United States' motion to dismiss and transfer together with the memorandum of support thereof, and having further considered plaintiff's [lack of] opposition thereto, the Court concludes that the motion ought to be granted. Accordingly, it is this __ day of _____, 200_, at Washington, District of Columbia,

ORDERED that the defendant's claim for $100,000 in damages under 26 U.S.C. § 7433 is dismissed with prejudice;

ORDERED that defendant's motion to transfer is GRANTED;

ORDERED that plaintiff's action is TRANSFERRED to the United States District Court for the District of Wyoming; and

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____ _____
UNITED STATES DISTRICT JUDGE

Copies to:

ARI D. KUNOFSKY
Trial Attorney, Tax Division
U.S. Department of Justice
PO Box 227
Washington, DC 20044

ELIAS AOUN
1730 N. Lynn St. # A-22
Arlington, VA 22209

**Certificate of Service**

I certify that the United States' *Motion to Dismiss or Transfer Venue*, supporting *Memorandum*, and proposed *Order* were served on December 7, 2007 on the following by electronic service:

>ELIAS AOUN
>1730 N. Lynn St. # A-22
>Arlington, VA 22209
>*Plaintiff's Counsel*
>
>/s/ Ari Kunofsky
>Ari D. Kunofsky