# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN WALLACE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO: 1:07-cv-01837-RMU |
| ) | |
| UNITED STATES, et al. ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S MOTION FOR MAXIMUM DAMAGES

Plaintiff hereby files this motion for maximum damages. The facts in this case are undisputed. The only issue is the amount of damages and costs.

1. Our founding fathers created three branches of government. The judicial branch was not only independent, but judges were appointed for life and generally are beyond the control of politicians. The fifty independent state republics drew their own Constitutions with almost identical provisions. Obviously, the more than three hundred million people in this country feel this is an excellent system with an independent judiciary.

2. The United States Congress has studied bureaucratic misconduct in governmental agencies, such as the IRS, and decided to take action. Congress passed many laws for a private right of action including the Unauthorized Tax Collection Act IRC §7433. These "federal bounty hunter statutes" authorize statutory damages to give the bureaucracies incentive to obey the laws that Congress has passed. Further, the elective representatives

of the people want the courts to award maximum damages to give incentives to the people to file complaints in federal courts and to enforce the laws that Congress wants enforced.

3. Our elected representatives, after careful deliberation, have decided that the best remedy for the tendency of government agencies to make errors or actual wrongdoing is remedial litigation in the form of citizens' self-help statutes. For over 130 years, our Congress has passed many "Private Attorney General Statutes" authorizing private citizens to file suit in federal courts, and upon prevailing collect their fees and costs.

4. The Bounty Hunter Statutes soon followed and provided incentive for citizen action. Congress and the experts feel this is the best motivation for the federal agencies to obey laws which incidentally cost the taxpayers a lot of money to be enacted.

5. The Unauthorized Tax Collection Act and its sister laws are part of the Taxpayer Bill of Rights II or the IRS Reform and Restructuring Act of 1998. These remedial statutes were passed after much research and study. The principle advisor to this and all legislation are the top authorities at the Department of Justice. No statute of this type would pass with the opposition of the Attorney General. The Unauthorized Tax Collection Act was supported and authorized by the legislative and executive branches.

6. For the Judiciary to hold the IRS accountable, IRS supervisors would be motivated to better obey the law and supervise their employees. A large damage award would cause the IRS to stop pursuing certain illegal tactics and activities.

7. Plaintiff is entitled to maximum damages for many reasons including:

    A. On September 25, 2001 the IRS levied Plaintiff's Michigan State Teacher's Pension in the amount of $945.54 per month. This continued until June 2006. Plaintiff allegedly had a tax debt of $6,573.00 (Exhibit D). However, a total of $53,895.78 (Exhibits E & F) was illegally removed from her pension. In addition, $3,449.10 was levied from Plaintiff's social security (Exhibit H).

    The levy on her pension recouped all the tax debt quickly. But the tax service kept the levy on her pension. Eventually, the tax collectors took from her $53,895.78 according to Mrs. Wallace computation (Exhibits E & F). An excessive and illegal levy took place. Mrs. Wallace made dozens of phone calls and sent dozens of letters to the collection department.

    Moreover, the levy exceeded more than the "15 percent of any specified payment due to the taxpayer." 26 USC §6331(h) Moreover, the IRS kept the levy for approximately three more years. Such excessive and illegal levy caused financial hardship to Plaintiff and her family.

    On March 16, 2007 the IRS sent Plaintiff two checks totaling $10,954.18 (Exhibit A). This is clearly an unmistakable acknowledgment by the IRS that the levy was excessive or unauthorized in the amount which they levied. Plaintiff wants the rest of her money.

B. The IRS levied more than necessary and, as of now, continues to refuse to correct its action. Doing so cannot be considered a simple matter, especially considering the hardship Plaintiff has succumbed to as a result of IRS action.

    In one of her letter, Plaintiff wrote: "I am now almost 73 years old and I have wasted so much time of the past 12 years answering their mail that life has literally passed me by during that time. I estimate 2,000+ hours of my life wasted – equivalent of 250 eight-hour days of working in an office…. All the time wasted and money taken represents countless lost opportunities. I wanted to become more proficient in music, but never did…. I never got the horse I wanted due to lack of money… My little sister was ill during most of this time. I wanted to take her to a clinic that might have helped her, but the money I would have used to do this was stolen from me. Too late now. She died in April of this year." (Exhibit H)

    Despite these tragic consequences, the IRS has yet to fully correct its wrong-doing. Apparently, it seems to have neither incentive nor motivation to do so – unless, of course, it is forced by the Court.

    C. Plaintiff and her husband are elderly, unable to work. They live in an isolated area far from relatives and friends. They depended on the income received from Plaintiff's pension. The length and amount of the IRS levy caused Plaintiff to suffer mental anguish, anxiety, and emotional distress. As a result, Plaintiff succumbed to new ailments, such as high blood pressure (Exhibit G and H).

    D. Plaintiff has exhausted her administrative remedies.

    E. The Courts should encourage government attorneys to expediently resolve and settle cases, instead of fighting them while knowing that the IRS is at fault or where the government has no chance of winning. To encourage quick settlement, judicial economy, and fairness to common citizens, this court should maximize damages against Defendant.

11. Defendant did not prove that they followed proper procedural measures in enforcing the levy. Defendant did not contest that what was levied was excessive. The IRS already refunded some of the money, acknowledging guilt. Defendant did not offer a reasonable explanation for keeping the remainder of Plaintiff's money. Defendant holds the remainder of Plaintiff's money, although they issued no notice to levy said remainder.

12. Despite these facts, instead of resolving the matter with least expense for all parties, Defendant filed a motion to dismiss as if Plaintiff has no rights at all with them, and a motion to transfer venue – which would add more delay to Plaintiff's anguish and rights, and more expense to the government.

13. This mistreatment of the citizen and waste of taxpayer dollars must be stopped. Strong action by one federal judge will cause Defendant to be more responsive to taxpayers and have more respect to the citizens' suffering from IRS wrongdoings. As this Court well knows, a remedy to this problem exists.

WHEREFORE Plaintiff requests that this Honorable Court do grant the relief herein requested and other relief the Court deems appropriate.

**CERTIFICATE OF SERVICE:** I hereby certify that this document was served on January 3, 2008, on Defendant by electronic service.

Respectfully submitted,

  /s/  Elias Aoun                                                          Date: January 3, 2008
**Elias Aoun, Esq. Bar Number 479315**
**1730 N. Lynn St., # A-22**
**Arlington, VA 22209-2004**
**Cell Phone 202-257-7796**