**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARILYN WALLACE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO: 1:07-cv-01837-RMU |
| ) | |
| UNITED STATES, et al. ) | |
| ) | |
| Defendant. ) | |

# PLAINTIFF'S RESPONSE TO DOJ'S OPPOSITION TO PLAINTIFF'S MOTION FOR MAXIMUM DAMAGES

1. Instead of trying to resolve the matter, it is evident that the DOJ continues to run forward and away from addressing the main issue in this case. Defendant has already admitted wrong when they sent Plaintiff two checks (Exhibit A) – with $1,000 of that money being interest. That fact is undisputed. Now, Defendant must pay damages for the wrong they inflicted on an elderly Plaintiff.

2. For clarification, Plaintiff submitted a Motion for Maximum Damages. Some of Defendant's arguments are attacks against a "summary judgment" which Plaintiff did not even mention.

## I. Plaintiff's evidence

3. Plaintiff did not file her tax return on time. The IRS made its own assessment. Afterwards, Plaintiff filed her return late and claimed she owed less than what the IRS

assessment conveyed. The IRS apparently accepted Plaintiff's late return, amounts, and figures. At that point, the IRS – which has already levied more than what was necessary – should have stopped the levy. It did not.

4. This case is for unauthorized collection activity. The IRS levied more than what it listed on its notice of levy, and there was no notice to levy the excess money which was levied. This is not a mere assessment issue, but – again – an unauthorized collection activity actionable against Defendant.

5. DOJ claims that Plaintiff's evidence is inadmissible. If DOJ attorney would like to argue with an elderly Plaintiff about the admissibility of documents she has in her possession, then that is their business. However, the evidence in this case is in the hands of the IRS. What Plaintiff has are the two checks sent to Plaintiff by the IRS. Plaintiff seeks the rest of her money, plus damages, since Defendant pursued improper collection activity.

6. For evidence, Plaintiff will use the assessment figures of the IRS and their transcript of amounts taken. This is the same as her list of what was taken. DOJ argument here is ridiculous.

7. If Defendant claims that the levied amount were applied to taxes due, then let Defendant show Plaintiff and this Court a summary of the specific amounts that Defendant is referring to.

8. First, let Defendant show evidence of total amount levied and total amount allegedly owed, and then subtract the difference. Would that be too difficult? Second, let Defendant offer evidence that Defendant did not violate collection measures as explained by Plaintiff. Defendant has all the evidence – admissible or inadmissible – that it needs. Once that is done, this case would be much easier to tackle.

9. Defendant needs to show elderly Plaintiff some respect by addressing the heart of the matter, instead of playing around with technicalities.

10. If DOJ considers Plaintiff's claim that the amounts confiscated from her was "excessive and illegal" as a "fancier way of challenging the assessments", then the DOJ argument is none other than a fancier way to justify IRS robbery of an elderly lady.

11. Defendant still has to provide documentation from their file to discredit the amount listed by the letter from Plaintiff's pension provider, or amount claimed by Plaintiff, or to discredit Plaintiff's claim that the IRS did pursue improper collection activity by levying an amount far greater than what the notice of levy indicated.

12. Let Defendant present their figures to the Court and prove that there is a major discrepancy between their figures and those presented by Plaintiff. Defendant's argument is mere harassment. The DOJ is using its overwhelming resources against an impoverished elderly Plaintiff, instead of seeking to resolve the issues in this case.

**Social Security issue**

13. With regard to the mentioned 15% cap, that was an unintended minor mistake that should not affect the case. However, the SS question is involved indirectly with this case, in so far as the calculations. When Plaintiff filed her late returns, she owed approximately $7,000 with about $1,000 as interest. Everybody admits that. The IRS took the $8,000 from her pension and then much more. Also, $3,449.10 was taken from Plaintiff's Social Security.

14. This amount ($3,449.10) was taken as the Service also took Plaintiff's state pension. Mrs. Wallace owed the $8k which was taken partly from her social security benefit and partially from her state pension. When the tax service runs the figures, they must start with the $3,449.10 taken from her federal pension. The unauthorized collection from her Social Security check is not now directly a part of this lawsuit but must be figured in. However, some of the pleadings by Plaintiff did incorrectly list the levy on social security as a direct charge. It is not.

15. At least for now, Plaintiff is now filing her admin claims on the illegal levy on her Social Security retirement which is a separate case. However, to save resources, this Court could include that missing $3,449.10 and end this entire matter.

## II. **Plaintiff did demonstrate Defendant's improper collection activity, and Plaintiff has a valid claim under §7433**

16. Once again, Defendant makes the claim that "taxpayers cannot seek damages under section 7433 for an improper assessment of taxes." As Plaintiff had stated previously, this case is not about tax refund under 26 U.S.C. §7422. This case is about damages resulting from Defendant's misconduct in the collection of a federal tax.

17. Plaintiff has already proven illegal collection activity, and Plaintiff shall repeat some of the arguments made previously in case Defendant missed reading them.

18. To support its argument, Defendant cited *Buaiz v. United States*, 471 F. Supp. 2d 129 (D.D.C. 2007). In that case, Plaintiff Mr. Buaiz made allegations "that the IRS imposed tax liens to collect taxes that Mr. Buaiz did not actually owe, that the IRS failed to release those liens despite Mr. Buaiz's requests that it do so, and that the IRS failed to develop proper procedures governing the collection of unpaid taxes. Indeed, by failing to address them in its papers, Defendant implicitly concedes that these counts allege actionable misconduct in connection with the collection of income taxes. See Def.'s Mem. at 9-10. Taking these allegations in the light most favorable to Mr. Buaiz, the Court concludes that they state a valid claim under §7433." *Id.* at 137.

19. In the present case, Plaintiff Mrs. Wallace is similarly situated on these specific issues. The IRS had collected more taxes from her than she actually owed (Exhibits D, E, and F); the IRS failed to release the lien in a timely manner and did so only about three years late; the IRS did not follow proper procedures and did commit misconduct in the collection of federal tax; and Defendant implicitly conceded these allegations by failing

to address them. Taking these facts in the light most favorable to Mrs. Wallace, the Court has to conclude that Plaintiff has a valid claim under §7433.

20. Not stopping the levy when amount satisfied is a common practice by the IRS. According to the Government Accountability Office (GAO), 3 out of 4 levies are incorrect. The tax agency will not correct its manifest wrongdoing until the courts make them do so.

21. Defendant claims that Plaintiff must show that the IRS acquired Plaintiff's assets by acting illegally or by using improper methods. To prove a claim for improper collection practices, the taxpayer must demonstrate that the IRS did not follow the prescribed methods of acquiring assets. 28 U.S.C.A. § 2410; *Brewer v. C.I.R.*, 430 F. Supp. 2d 1254, 1260 (S.D. Ala. 2006). The facts and the law prove that Defendant did pursue illegal and improper collection activities.

22. Plaintiff alleges deficiency in notice and Defendant's violation of 26 USC §6303. "An unlawful act in connection with 'notice and demand' could trigger § 7433 liability." *Miller v. United States*, 66 F.3d 220, 222 (9th Cir.1995).

23. According to 26 USC §6331(b), "a levy shall extend only to … obligations existing at the time thereof." Moreover, 26 USC §6331(c) states that a levy continues "until the amount due … is fully paid" – but not after that period.

24. The IRS Notice of Levy (Exhibit D) states that the lien is "for the amount that is owed." The Notice was for the amount that is owed ($6,573.00). The IRS had confiscated $53,895.78 (Exhibits E and F) – which is far more than what is allegedly owed ($6,573.00) and stated on that Notice of Levy. <u>There was no notice to levy the $47,322.78 which was levied in addition to the $6,573.00 listed in the Notice.</u> Moreover, Exhibit D clearly states that "this levy won't attach funds in IRAs … or any other retirement plans in your possession or control, unless it is signed in the block to the right." As Exhibit D clearly shows, the Notice of Levy was never signed "in the block to the right." Yet, the IRS levied Plaintiff's pension in violation of guidelines stated on its own form. Also, the IRS did not extend to Plaintiff an opportunity for a hearing before the levy, as stated in 26 USC §6330 and §6320.

25. The levy against Plaintiff's pension and social security was conducted against IRS own guidelines, illegally, and in violations of Plaintiff's due process. A levy for more than the alleged liability, for a day more than necessary, for a dollar more than necessary, or by methods not properly authorized is improper and illegal. Plaintiff had exhausted her administrative remedies. In this case, should not the Court grant Plaintiff all amounts taken from Plaintiff's pension and social security plus damages for such illegal tax collection?

26. Defendant admitted liability at least twice. On May 25, 2006, Mrs. Wallace met with IRS Agent Thomas Bentley in Billings, MT. The agent immediately ended the levy. Such action was a clear IRS admission that the levy was already in excess of $1.00 and that the

garnishment was illegal for at least one day. On March 16, 2007 the IRS sent Plaintiff two checks totaling $10,954.18 (Exhibit A). This is clearly an unmistakable acknowledgment by the IRS that the levy was excessive or unauthorized in the amount which they levied. There is $36,368.60 that needs to be released plus interest for the entire period of the unauthorized levy. The only issue remaining is the amount of damages.

**Damages**

27. Defendant has agreed that a taxpayer may collect damages for wrongful collection actions under 26 USC §7433. It has been shown herein that Defendant did act illegally and pursued wrongful collection measures. As a result of Defendant's actions, Plaintiff did sustain actual and economic damages.

28. Marilyn Wallace is sole supporter of herself and main financial supporter of her husband. The illegal levy consisted of 55% of her pension and all of her social security benefit --- despite the fact that 26 USC §6331(h) states that a "levy shall attach up to 15 percent of any specified payment due to the taxpayer." First, the IRS levied what Plaintiff allegedly owed. Then, the IRS kept the levy for approximately three more years. Such excessive and illegal levy caused financial hardship to Plaintiff and her family.

29. Plaintiff and her husband are elderly, unable to work. They live in an isolated area far from relatives and friends. To stop the robbery of her pensions, Plaintiff had to hire tax

professionals to assist her. The extent and amount of the levy caused Plaintiff to suffer mental anguish, anxiety, and emotional distress. As a result, Plaintiff succumbed to new ailments, such as high blood pressure (Exhibit G and H).

30. According to Plaintiff's letter to her attorney (Exhibit H), Plaintiff says: "I am now almost 73 years old and I have wasted so much time of the past 12 years answering their mail that life has literally passed me by during that time. I estimate 2,000+ hours of my life wasted – equivalent of 250 eight-hour days of working in an office…. All the time wasted and money taken represents countless lost opportunities. I wanted to become more proficient in music, but never did…. I never got the horse I wanted due to lack of money… My little sister was ill during most of this time. I wanted to take her to a clinic that might have helped her, but the money I would have used to do this was stolen from me. Too late now. She died in April of this year."

31. For how long shall Defendant's harassment of Plaintiff continue and at what price? Defendant did not prove that it acted legally to levy Plaintiff's assets. Even if did, Defendant levied more than what was necessary and their action proved their wrongdoing. Then, for what reason and based on what legal justification does Defendant continue to refuse rectifying its wrongdoing?

This Court should grant Plaintiff damages according to 26 U.S.C. §7433 and other relief the Court deems appropriate.

- 10 -

Respectfully submitted,

/s/ Elias Aoun_____        Date: January 28, 2008
**Elias Aoun, Esq. Bar Number 479315**
**1730 N. Lynn St., # A-22**
**Arlington, VA 22209-2004**
**Cell Phone 202-257-7796**

# Certificate of Service

I certify that *Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion for Maximum Damages* was served on January 28, 2008 on the following by electronic service:

                                   ARI D. KUNOFSKY
                                   Trial Attorney, Tax Division
                                   U.S. Department of Justice
                                   Post Office Box 227
                                   Ben Franklin Station
                                   Washington, DC 20044


                                   /s/  Elias Aoun
                                   Elias Aoun