UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MARILYN WALLACE, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 07-1837 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 5, 6 |
| | : | | |
| UNITED STATES OF AMERICA, | : | | |
| | : | | |
| Defendant. | : | | |
| | : | | |

**MEMORANDUM OPINION**

Granting the Defendant's Motion to Transfer Venue and
Denying the Defendant's Motion to Dismiss

**I.   INTRODUCTION**

The plaintiff brings suit under 26 U.S.C. § 7433 against the United States alleging that the Internal Revenue Service ("IRS") levied her pension fund and illegally collected $53,895.78 to satisfy a federal income tax deficiency of $6,573.00.  The defendant moves the court to dismiss the case for failure to state a claim, or alternatively, to transfer the case to the plaintiff's district of residence.  In response, the plaintiff asserts that this court is the proper venue for this case and that the claim is properly brought under § 7433.  Pursuant to 28 U.S.C. § 1402(a), the proper venue for this case is Wyoming, the judicial district in which the plaintiff resides.  And, based on the plaintiff's allegations and the supporting documentation, the court concludes that the interest of justice favors transfer of the case rather than dismissal.  Therefore, the court grants the defendant's motion to transfer venue and denies its motion to dismiss.

## II.   FACTUAL & PROCEDURAL BACKGROUND

The plaintiff, Marilyn Wallace, is a resident of Buffalo, Wyoming and a retiree of the Michigan Public School System.  Compl. ¶¶ 5, 7.  On May 14, 2001, the IRS issued a Notice of Levy to the Michigan Public School Employees Retirement System due to federal income tax deficiencies owed by the plaintiff for the years of 1985-1994 in the amount of $6,573.00.  Pl.'s Response in opposition to the Def.'s Mot., Ex. D.  On September 25, 2001, the IRS levied the plaintiff's teaching pension, and the state of Michigan began withholding $945.54 per month, an amount she alleges to be fifty-five percent of her monthly pension.  *Id.* ¶ 17 & Ex. E.  The monthly levies continued long after the tax deficiency had been satisfied, for a cumulative amount of $53,895.78.[1]  *Id.*, Ex. E.

The plaintiff alleges that voluminous written and verbal correspondence occurred between her and "numerous collection officers" regarding the levy.  Compl. ¶¶ 10, 11.  On May 25, 2006, the plaintiff allegedly met with IRS Agent Thomas Bentley in Billings, Montana, and the IRS terminated the levy shortly thereafter.  *Id.* ¶ 11.  The plaintiff filed two Administrative Claims for Unauthorized Collection Actions with the IRS on July 5 and August 28, 2006.  *Id.* ¶ 14 & Ex. B.  In an apparent effort to correct the overcharge, the IRS sent the plaintiff two checks for a total amount of $10,954.18 on March 16, 2007.  *Id.* ¶ 12 & Ex. A.

---

[1]   The plaintiff alleges that the Internal Revenue Service also levied her and her husband's social security retirement benefits in the amount of $3,449.10 and $3,074.09, respectively, bringing the total of the alleged improper collection to $60,418.97.

The plaintiff now seeks to recover the remainder of the money she claims the IRS improperly collected from her pension after the satisfaction of the deficient amount.[2]  On December 12, 2007, the defendant filed a motion to dismiss arguing that the plaintiff has failed to state a cause of action under 28 U.S.C. § 7433 because she alleges the IRS improperly assessed, rather than collected, her taxes.  Def.'s Mot. at 3.  The defendant alternatively moves to transfer the case to the District of Wyoming asserting that civil actions against the United States for the recovery of any internal-revenue tax are properly brought in the district where the plaintiff resides.  *Id.* at 4.  This court now simultaneously addresses the defendant's motion to dismiss and motion to transfer venue.

### III.   ANALYSIS

#### A.   Legal Standard for Venue under 28 U.S.C. § 1391(e) and Transfer Pursuant to 28 U.S.C. § 1404(a)

When federal jurisdiction is not premised solely on diversity and a defendant is an officer, employee, or agency of the United States, 28 U.S.C. § 1391(e) controls venue, establishing that venue is proper in:

> any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part

---

[2]   In the complaint, the plaintiff sought damages in the amount improperly collected *plus* punitive damages of $100,000.  According to 28 U.S.C. § 7433(b) however, the "defendant shall be liable to the plaintiff in an amount equal to the lesser of "$100,000 in the case of negligence . . . or the sum of (1) actual, direct economic damages sustained by the plaintiff . . . and (2) the costs of the action."  28 U.S.C. § 7433(b).  The government correctly notes the plaintiff's misinterpretation of section 7433(b), and the plaintiff seems to concede the error.  *See* Pl.'s Response in opposition to Def.'s Mot. ¶ 2.  But, this mistake does not present grounds for dismissal of the suit for failure to state a claim.  The issue of damages does not affect the issues addressed in this opinion or the sufficiency of the complaint, and this court does not consider it a bar to further proceedings.

> of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e).

If, upon objection of a party, the court concludes that venue is improper, it may transfer the case pursuant to 28 U.S.C. § 1406. In an action where venue is proper, 28 U.S.C. § 1404(a) nonetheless authorizes a court to transfer a civil action to any other district where it could have been brought "for the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). Section 1404(a) vests "discretion in the district court to adjudicate motions to transfer according to [an] individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Under this statute, the moving party bears the burden of establishing that transfer is proper. *Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996).

### B.    Statutory Framework & Venue Provision for Actions Under 28 U.S.C. § 7433

United States district courts have original jurisdiction over civil actions "against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. §1346 (a)(1). 26 U.S.C. § 7433(a) specifically provides a remedy in a United States district court "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence" acts in contradiction to the internal-revenue code. 26 U.S.C. § 7433(a). The particular district in which an individual

taxpayer may bring a suit for illegal collection activities, however, is limited to the judicial district where the plaintiff resides.  28 U.S.C. § 1402(a); *Udani v. United States*, 720 F. Supp. 93, 94-95 (E.D. Mich. 1989).  Courts in this district have consistently held that D.C. is an improper venue for non-resident plaintiffs bringing suit on tax related matters against the government.  *E.g., Cooper v. United States*, 2005 WL 3707403, at *2 (D.D.C. Dec. 8, 2005); *Vanskiver v. Rossotti*, 2001 WL 361470, at *2 (D.D.C. Jan. 31, 2001).  But, filing in the improper district does not automatically result in the case's dismissal.  When venue is improper, the court may transfer the case to the appropriate district if doing so would "be in the interest of justice."  28 U.S.C. § 1406(a); *Sinclair v. Kleindienst*, 711 F.2d 291, 293-94 (D.C. Cir. 1983); *e.g. Udani*, 720 F. Supp. at 95.

### C. The Court Grants the Defendant's Motion to Transfer Venue and Denies the Defendant's Motion to Dismiss

The plaintiff claims that the IRS levied her teacher's pension in a percentage that exceeded the statutory maximum and that it continued to withdraw funds from her pension each month for several years after her tax deficiency had been satisfied.  Compl. ¶¶ 6-9; Pl.'s Response ¶ 17.  The defendant protests that the plaintiff has failed to state a claim for which relief can be granted and argues for the dismissal of the case.  Alternatively, the defendant requests that the claim should be transferred because venue in this district is inappropriate.  Def.'s Mot. at 2, 3.  The court agrees that venue is inappropriate in this district and concludes that the interest of justice favors transfer, rather than dismissal, of the case.

The plaintiff's state of residence is Wyoming.  Compl. ¶ 5.  Based on the plain language in section 1402(a) and the strict manner in which the courts have interpreted it, the proper venue

for this action is not the District of Columbia, but Wyoming. *See* 28 U.S.C. § 1402(a)(1) (stating that any civil action against the United States for the alleged improper collection or assessment of taxes "may be prosecuted only . . . in the judicial district in which the plaintiff resides"); *Udani*, 720 F. Supp. at 94-95. Accordingly, the court will transfer the action provided that other considerations indicate that transfer is in the interest of justice.

Pursuant to 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7433(a), to maintain this action, the plaintiff must have exhausted her administrative remedies and have complied with the 2-year statute of limitations. The plaintiff alleges that she has fully exhausted her administrative remedies[3]: she filed an administrative claim for unauthorized collection actions on July 5, 2006, and another on August 28, 2006. Compl. ¶¶ 14(A)-(B). The Tax Service has not denied either of these applications, and six months has passed since their filing. *Id*. at ¶ 14(C). The court concludes, therefore, that the plaintiff has sufficiently alleged that she exhausted her administrative remedies in satisfaction of 26 U.S.C. § 7433(d)(1).

Whether the plaintiff has acted within the applicable statute of limitations is a matter less clear, and it seems to have escaped the notice of both parties. Section 7433(a) provides in relevant part that "an action to enforce liability created under this section . . . may be brought only within 2 years after the date the right of action accrues." 26 U.S.C. § 7433(d)(3). A right of action accrues under § 7433 "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433-1(g)(2) (2004). Courts vary in their interpretation of the date of accrual for a cause of action under this statute. Some courts consider the cause of action to accrue as soon as the collection action such as a levy

---

[3] The defendant does not challenge the plaintiff's assertion that she has exhausted administrative remedies.

begins, *Snyder v. Comm'r*, 1998 WL 796768, at *1 (D.D.C. Oct. 6, 1998), *Simmons v. United States*, 875 F. Supp. 318 (W.D.N.C. 1994); others hold that accrual begins when a levy is released, *Claitor v. United States*, 1999 WL 675337, at *4 (N.D. Cal. Jul. 19, 1999); and still others make largely fact-based determinations based on reasonable notice, *Gottlieb v. IRS*, 4 Fed. Appx. 355 (9th Cir. 2001), *Mason v. United States*, 2001 WL 241799, at *2 (D.C. Cir. Feb. 2, 2001), *Chocallo v. United States*, 2007 WL 2071880, at *5 (E.D. Pa. July 16, 2007), *Tenpenny v. United States*, 490 F. Supp. 2d 852, 859 (N.D. Ohio 2007), *Bright v. United States*, 446 F. Supp. 2d 339 (E.D. Penn. 2006), *Shipley v. IRS*, 2005 WL 1334617, at *3 (D. Kan. June 6, 2005), *Anderson v. United States*, 2004 U.S. Dist. LEXIS 22021 (N.D. Cal. Oct. 14, 2004).

In this case, the plaintiff brought suit well beyond two years after the levy attached, but within two years after it was released. This court agrees with previous courts' conclusions that to consider the attachment of the levy as the date of accrual would allow the defendant to continue illegal conduct indefinitely. *See Cliator*, 1999 WL 675337, at *4 (citing *Page v. United States*, 729 F.2d 818, 821 (D.C. Cir. 1984) (explaining that when a tort involves continuous injury, the cause of action accrues when the tortious conduct ceases, and to hold otherwise would be to allow the tortfeasor to acquire a right to continue its conduct by virtue of the statute of limitations)). Therefore, the court is left with the following possible dates of accrual: May 25, 2006, the date on which the plaintiff met with Bentley and the approximate date that the levy ended; July 5, 2006, the date on which the plaintiff filed her first administrative claim; August 28, 2006, the date on which the plaintiff filed her second administrative claim; and March 16, 2007, the date on which the IRS mailed the plaintiff checks totaling $10,954.18. The plaintiff filed her complaint on October 11, 2007, which is well within two years of all of these dates.

The court accordingly concludes that no procedural considerations suggest that transfer of this case would be inappropriate.

Finally, the strength of the plaintiff's allegations indicate that transfer is in the interest of justice. The facts and circumstances presented to the court, when construed in the light most favorable to the plaintiff, raise considerable questions about the propriety and duration of the levy placed on the plaintiff's pension. The plaintiff alleges that the levy withdrew fifty-five percent of her pension each month, which if proved to be true, exceeds the statutory maximum of fifteen percent. *See* 26 U.S.C. § 6331(h). She provides documentation which corroborates her claims that the IRS continued to levy her pension after the $6,573.00 unpaid balance was satisfied, and she submits a letter from the Michigan Department of Management & Budget stating that it sent the IRS a total of $49,168.08 from her pension. Based on the plaintiff's allegations and supporting documentation, the court easily concludes that the plaintiff has satisfied the pleading standards required to survive a motion to dismiss. Accordingly, it is in the interest of justice that this matter proceed to the transferee district for adjudication on its merits.

### IV.   CONCLUSION

For the reasons stated above, the court grants the motion to transfer venue and denies the motion to dismiss. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 3rd day of June, 2008.

RICARDO M. URBINA
United States District Judge